UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RANDI D. WOODDELL,

   Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

   Defendant.

NO. CV-11-250-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13 and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Maureen J. Rosette. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Alexess D. Rea.

**I.  Jurisdiction**

On May 13, 2009, Plaintiff Randi Donald Wooddell filed an application for Social Security Disability Insurance Benefits (SSDIB). Plaintiff alleges he has

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1**

been disabled since January 15, 2008.

His application was denied initially on August 5, 2009, and again denied on reconsideration on October 6, 2009. A timely request for a hearing was made. On August 4, 2010, Plaintiff appeared at a video hearing in Spokane, Washington before Administrative Law Judge (ALJ) James W. Sherry. Thomas A. Polsin, vocational expert, also appeared and testified at the hearing. Plaintiff was represented by Dana Madsen.

The ALJ found that Plaintiff was not disabled from January 15, 2008 through August 5, 2010. Plaintiff timely requested review by the Appeals Council, which was denied June 15, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on July 1, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.   Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 2

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520©, 416.920©. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 3**

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

Plaintiff served in the United States Air Force from January 1975 to January 1995, when he was honorably discharged. (Tr. 42.) He was an electronics technician for aircraft electronic systems. (Tr. 42.) Plaintiff has hearing loss and wears hearing aids. (Tr. 21.) His right eye was removed in 2005 as a result of melanoma. (Tr. 21.) He wears a prosthetic right eye, and has prescription glasses for his left eye. (Tr. 21.) Although he has high blood pressure and cholesterol, these conditions are being controlled with medication. (Tr. 22.)

Since his discharge from the military, Plaintiff has worked a number of jobs, including marine engine mechanic, security guard, punch press operator, and he worked at U-haul services rental trailers. (Tr. 44-47.) Plaintiff's last attempt at employment was as a marine engine mechanic and it lasted two weeks. He was discharged because he could not keep up with the required pace. (Tr. 158.)

At the hearing, Plaintiff testified that he did not have problems with his back, other than occasionally back spasms, for which he takes medication. (Tr. 48) Plaintiff has a driver's license, which he obtained by taking a special driving test. (Tr. 48).

## V.     The ALJ's findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 15, 2008, the alleged onset date (Tr. 21.)

At step two, the ALJ found Plaintiff has the following severe impairments: Status-post Right Eye Enucleation with Prosthetic Installation; Right Eye Blindness; and High-Frequency Sensorineural Hearing Loss. (Tr. 21.) The ALJ found that Plaintiff's high blood pressure and cholesterol were controlled with medication and did not interfere with his functioning to any significant extent (Tr. 22.)

At step three, the ALJ reviewed listings 2.02 (Loss of Visual Acuity), 2.03 (Contraction of the Visual Field in the Better Eye), 2.04 (Loss of Visual Efficiency), and 2.08 (Hearing Impairments). The ALJ concluded that Plaintiff's vision impairments do not meet or medically equal the listings, and his hearing loss does not meet or medically equal listing 2.08. (Tr. 22.)

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: frequent balance, stoop, crouch, kneel and crawl; occasional climbing ramps or stairs, but never ladders, ropes, or scaffolds; avoid concentrated exposure to excessive noise, unprotected heights, and the use of moving machinery; and limited to occupations requiring no more than occasional near, far, and peripheral acuity, depth perception, or color vision. (Tr. 22-23.) The ALJ then concluded that Plaintiff was capable of performing past relevant work as an Industrial Cleaner and a Car Cleaner, and noted that this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. (Tr. 25.)

**VI.   Issues for Review**

Plaintiff presents the following issues with respect to the ALJ's findings:

1. There is not substantial evidence to support the ALJ's decision.

2. The ALJ erred in not including additional physical limitations in the residual functional capacity (RFC) assessment.

3. The ALJ erred in rejecting his testimony regarding his limitations from his impairments.

**VII.   Discussion**

The Court has reviewed the briefing and the medical records and concludes the ALJ did not err in finding that Plaintiff was not disabled. There is substantial evidence to support the ALJ's decision, and he gave Plaintiff's testimony

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 6**

regarding his impairments proper weight.

In his Disability Report, Plaintiff indicated that his hearing loss and right eye blindness limited his ability to perform work. In his Functional Report, he stated his conditions affect his ability to reach, see, hear, climb stairs, and walk. At the hearing, Plaintiff testified that he struggles with depth perception and peripheral acuity, and he occasionally falls if he does not see a depression in the ground. He also testified that he bumped his arm and has experienced numbness in his right hand. He stated he walks at a much slower pace, he can lift around 20 lbs, and can walk a quarter mile before his back bothers him.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements' concerning the intensity, persistence and limiting effects of the symptoms are not credible, to the extent they are inconsistent with the residual functional capacity assessment. (Tr. 23.) The ALJ found the objective medical evidence and Plaintiff's self-reports of activity did not support the level of limitation claimed. (Tr. 23.)

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "'specific, clear and convincing reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).[2] If the ALJ's

---

[2] Defendant argues the Court need only determine whether the ALJ properly made "specific," cogent findings, supported in the record, for rejecting a claimant's subjective symptom testimony, rather than "clear and convincing evidence." Indeed, some cases have held that, at a minimum, an ALJ must make

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7**

credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529© and 416.929© describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

---

specific, cogent findings, supported in the record, to reject a claimant's subjective symptom testimony. *See, e.g., Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir.2010); *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); *see also* Social Security Ruling.("SSR") 96–7p ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements"). The majority of cases apply the clear and convincing standard. Out of an abundance of caution, this Court shall apply the arguably more rigorous "clear and convincing" standard.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 8

    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

    Here, the ALJ did not commit legal error in his consideration of Plaintiff's testimony and did not err in not crediting Plaintiff's reports of his limitations caused by his impairments. The ALJ considered the objective medical evidence as well as the factors listed above. Plaintiff indicated that he is able to perform all housework and he periodically helps friends and relatives with yard work and house maintenance. He also goes fishing four to five times a week, weather permitting. He has adequate vision in his left eye to drive. Plaintiff testified that he had no problem sitting, standing, or walking in general, although he said he did have some difficult bending when he experiences back spasms, which do not appear to be frequent.

    Plaintiff's testimony reflects that he is active and capable. He works on the computer. Moreover, there is nothing in the record to substantiate Plaintiff's self-reported limitation of lifting 20 lbs. While Plaintiff reported that he was mainly sedentary at the time, it was because of monetary concerns rather than any physical limitations. On the contrary, Plaintiff indicated he wanted to get out and do more, and hoped to work with returning soldiers if he had transportation. There is nothing in the record that indicates that Plaintiff's vision, hearing loss, arm injury, and back impairments would prevent him from working.[3] Notably, no

---

[3] The ALJ considered the letter from Plaintiff's former employer, who indicated that Plaintiff was fired due to his slow production, but gave in little weight. The ALJ noted it was possible that Plaintiff was still in the learning stages of the new

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 9**

medical source opinions have concluded that Plaintiff is unable to work.

The ALJ's credibility and RFC determinations are supported by substantial evidence in the record. Moreover, substantial evidence supports the ALJ's conclusion that Plaintiff can perform his past work as a car cleaner and industrial cleaner.

## VIII. Conclusion

Plaintiff has not met his burden of showing that the ALJ committed legal error, or that his conclusion that Plaintiff was not disabled was not supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 23rd day of July, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Wooddell\sj.wpd

---

job. Moreover, the ALJ and the vocational expert did not find that Plaintiff was capable of performing this past relevant work (marine engine repair).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**~ 10